UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LARRY W. CASE,**

    **Plaintiff,**

v.                                                Case No.  8:16-cv-2250-T-30JSS

**THE CINCINNATI INSURANCE COMPANY,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiffs' Motion to Remand (Dkt. 5) and Defendant's Response in Opposition (Dkt. 10). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

## BACKGROUND

Plaintiff Larry W. Case commenced this action on or about June 30, 2016, in the Circuit Court of the Twelfth Judicial Circuit in and for Manatee County, Florida. Case seeks underinsured motorist benefits against Defendant The Cincinnati Insurance Company related to an automobile accident. The complaint alleges the following damages: permanent injuries to body and mind; aggravation/activation of a pre-existing condition; physical and mental pain and suffering and disability; medical, nursing, hospitalization treatment/expenses; travel

expenses; loss wages; permanent impairment and loss of ability to work and earn money; and impairment in capacity to lead and enjoy a normal life. (Dkt. 2).

On August 5, 2016, Cincinnati Insurance timely removed the complaint to this Court based on diversity jurisdiction. The notice of removal indicates that the parties are diverse and Case's damages exceed the amount in controversy. Cincinnati Insurance relies, in relevant part, upon the allegations in the complaint and the subject policy's limits for uninsured motorist claims. The subject policy reflects a $100,000 limit for uninsured motorist claims and a $1 million umbrella policy.

Case now moves to remand the case; he argues that Cincinnati Insurance did not establish that the amount in controversy exceeds $75,000.00. The Court now turns to the relevant law.

## **DISCUSSION**

Where the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, as it is in this case, the removing defendant has the burden of demonstrating that there is (1) complete diversity of citizenship and (2) an amount in controversy greater than $75,000. *See* 28 U.S.C. § 1332(a). When, as here, damages are not specified in the state-court complaint, the defendant seeking removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) (citing 28 U.S.C. § 1446(a)). If, however, a "plaintiff contests the defendant's allegation... '[R]emoval...is proper on the basis of an amount in controversy asserted' by the defendant 'if the district court finds, by the preponderance of

the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Id.* at 553-54 (quoting 28 U.S.C. § 1446(c)(2)(B)); *see also Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1061 (11th Cir. 2010). A removing defendant is not required "to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 754 (11th Cir. 2010).

In determining the amount in controversy, the court should look first to the complaint. *Id.* If the amount is unavailable from the complaint alone, the court can look to the notice of removal and other "evidence relevant to the amount in controversy at the time the case was removed," including evidence submitted in response to a motion to remand. *Id.* In *Pretka,* the Eleventh Circuit held that a party seeking to remove a case to federal court within the first thirty days after service is not restricted in the types of evidence it may use to satisfy the jurisdictional requirements for removal. *Id.* at 770-71. This evidence may include the removing defendant's own affidavit, declaration, or other documentation. *Id.* at 755. Moreover, district courts are permitted to make "reasonable deductions" and "reasonable inferences," and need not "suspend reality or shelve common sense in determining whether the face of a complaint ... establishes the jurisdictional amount." *Id.* at 770. "Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe,* 613 F.3d at 1062-63.

Applying the guidelines set forth in *Roe* and *Pretka*, the Court concludes that Cincinnati Insurance met its burden in establishing by a preponderance of the evidence that the amount in controversy more likely than not exceeds $75,000. The complaint alleges

extensive damages associated with significant personal injury. Cincinnati Insurance also provides evidence of Case's medical expenses incurred prior to filing this action and Case's pre-suit demand in the amount of $90,000. It appears, based on the complaint's allegations, that Case will incur additional medical expenses. Finally, Case is also alleging damages for lost wages, future loss of earning capacity, and mental pain and suffering.

In sum, it would "suspend reality" to conclude that the damages do not exceed $75,000. And Case's arguments to the contrary are without merit. Case relies on outdated case law that does not apply to a removal filed within thirty days of service. And Case does not provide the Court with any evidence rebutting Cincinnati Insurance's claim that the amount in controversy exceeds $75,000.

It is therefore **ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand (Dkt. 5) is denied.

**DONE** and **ORDERED** in Tampa, Florida on September 14, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record